IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALAPATI PAUL SCHWENKE,<br><br>                          Petitioner,<br><br>                v.<br><br>STATE OF UTAH,<br><br>                          Respondent. | **MEMORANDUM DECISION &<br>DISMISSAL ORDER**<br><br>Case No. 2:14-cv-750-DB<br><br>District Judge Dee Benson |

THIS MATTER IS BEFORE THE COURT on a petition for writ of habeas corpus filed under 28 U.S.C.S. § 2254 (2016).  Being fully advised, the Court concludes that the petition must be dismissed because it is a second or successive petition and Petitioner has not sought the Tenth Circuit's permission to proceed here.

## PROCEDURAL HISTORY

In this petition, on grounds of double jeopardy and lack of sufficient evidence, Petitioner tries to challenge his convictions in Salt Lake County criminal case no. 031902460 and Millard County criminal case no. 051700055.  The Utah Court of Appeals affirmed Petitioner's convictions and the Utah Supreme Court denied certiorari review.  *State v. Schwenke,* 2009 UT App 345, *cert. denied*, 230 P.3d 127 (Table); *State v. Schwenke,* 2007 UT App 354, *cert. denied,* 187 P.3d 232 (Table).

Petitioner filed numerous post-conviction petitions in State court.[1]

On June 18, 2008, Petitioner filed in this Court his first federal petition for writ of habeas corpus, in which he challenged his convictions on grounds of double jeopardy and ineffective assistance of counsel.  The petition was denied on the merits and not appealed. *Schwenke v. Utah*, No. 2:08-CV-467, 2011 WL 4345196 (D. Utah Sept. 15, 2011).  On October 29, 2014, Petitioner filed his current federal petition for writ of habeas corpus.

## ANALYSIS

The facts of the underlying criminal cases are not included because they are irrelevant to the Court's decision.

**The petition is successive.**  Because Petitioner has already filed a habeas-corpus in this Court in the past and it was denied on the merits, Petitioner's current federal petition is second or successive.  *See* 28 U.S.C.S. § 2244(a) (2016).  Petitioner may not file such a petition without authorization from the appropriate federal court of appeals. *See id.* § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *see* R.9,

---

[1]   *See* Utah case numbers 120902257, 130906000, 140903289, 140901373, 140403990, 110700044, and 120700036.  On August 4, 2014, Utah's Third District Court declared Petitioner a "vexatious litigant under Utah R. Civ. P. 83(b)" and "prohibited [him] from filing any further petitions or other actions in the Third District Court on a *pro se* basis."  *See* docket in case no. 130906000.

Rs. Governing § 2254 Cases; *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (citing *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006)) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [the 10th Circuit] has granted the required authorization.").

Petitioner did not obtain authorization from the Tenth Circuit Court of Appeals to file his second or successive petition.  This Court therefore does not have jurisdiction to address its merits.

**Petitioner's claims here are subject to dismissal.**

The double-jeopardy claim here is subject to dismissal because it was already "presented in a prior [federal habeas] application."  *See* 28 U.S.C.S. § 2244(b)(1) (2016). Whereas, the insufficient-evidence claim, which was not presented in the prior application, must be dismissed if Petitioner (1) is not relying "on a new rule of constitutional law" that is retroactively applicable or "previously unavailable"; or (2) could not have discovered through "due diligence . . . the factual predicate for the claim; and the underlying facts shown by the evidence would adequately demonstrate that, "but for constitutional error," no reasonable factfinder would have found [Petitioner] guilty." *See id.* § 2244(b)(2).

Regarding the insufficient-evidence claim, Petitioner does not suggest a new rule of constitutional law, nor does he hint that there are evidence or facts that support his

insufficient-evidence claim that could not have been discovered at the time of his convictions. Indeed, he really just reargues here the evidence presented in the state trial courts. The insufficient-evidence claim is thus also subject to dismissal

**The alternative to dismissal--transfer to the Tenth Circuit.** When a second or successive § 2254 petition is filed in a district court without the necessary appellate-court sanction, it may be transferred under 28 U.S.C.S. §1631 (2016) to the proper court--i.e., the Tenth Circuit. *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997). However, all unauthorized successive habeas petitions should not automatically be transferred. This Court will transfer the matter to the Tenth Circuit only if it determines that "it is in the interest of justice" to do so. 28 U.S.C.S. § 1631 (2016).

Carefully reviewing the record at hand, this Court determines that it is not in the interest of justice to transfer this petition to the Tenth Circuit.

**First, as discussed above, Petitioner does not meet the statutory standards for authorization of a second or successive petition.** The Tenth Circuit would have no basis to authorize this petition for consideration by this Court.

**Alternatively, his claims are untimely at this point and are ineligible for further consideration.**

**1      Salt Lake County conviction.**  The Utah Supreme Court denied certiorari review of the Salt Lake case on March 19, 2008.  *State v. Schwenke*, 187 P.3d 232 (Table).  Petitioner did not file his current federal habeas petition until October 29, 2014.

A properly filed application for State post-conviction or other collateral review will toll the one-year federal habeas limitation period.  28 U.S.C.S. §2244(d)(2) (2016). Petitioner filed numerous state post-conviction petitions.  However, he did not file his first petition challenging his Salt Lake County conviction until April 4, 2012.  The one-year federal limitation had already expired then before any State petition was filed. There is no tolling for state post-conviction review filed after the federal period of limitation has expired.  *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

**2      Millard County Conviction.**  The Utah Supreme Court denied certiorari review of the Millard County case on April 22, 2010.  *State v. Schwenke*, 230 P.3d 127 (Table).  Petitioner did not file his first petition challenging his Millard county case until March 4, 2011.  *See* case no. 110700044.  Time elapsed after finality on direct appeal and before collateral filing, and time after collateral disposition and before federal filing, count against the year.  *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007).  Thus, 315 days of the one-year time limit had already run before the petition was filed.  Tolling does not restart the clock at zero.  It only pauses a clock that has not already run. *Ferguson v. Palmateer,* 321 F.3d 820, 823 (9th Cir. 2003).

The Utah Court of Appeals affirmed dismissal of the post-conviction petition on January 20, 2012.  *Schwenke v. State*, 2012 UT App 18.  Petitioner did not seek certiorari review.  At this point, only 50 days of the one year remained.  However, 277 days ran from January 20, 2012 until Petitioner filed a state factual-innocence petition on October 24, 2012.  *See* case no. 120700036.  The one-year time limit for filing a federal petition therefore expired before Petitioner filed his factual-innocence petition in 2012.  The federal habeas petition filed on October 29, 2014 is clearly untimely.

**3      Petitioner fails to show that equitable tolling should apply.**  "The timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 560 U.S. 631, 634 (2010).  This means that the one-year time limit can, in the appropriate exceptional circumstances, be equitably tolled.  *See also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998), *cert. denied*, 525 U.S. 891 (1998).

"'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'"  *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  As a result, "equitable tolling is appropriate only in 'rare and exceptional circumstances.'"  *Id*. at 1128 (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)); *see also York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003).

The fact that Petitioner is acting *pro se* is an insufficient ground for equitable tolling.  So, the fact that a petitioner did not have professional legal help, did not know what to do, and relied on another inmate for help, did not show extraordinary circumstances making it impossible to timely file a petition.  *Henderson v. Johnson*, 1 F.Supp.2d 650, 656 (N.D. Texas 1998); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).  Petitioner has not suggested any extraordinary circumstances that warrant equitable tolling.

## CONCLUSION

This Court lacks jurisdiction to consider this second or successive petition.  And, it is not in the interest of justice to transfer it to the Tenth Circuit Court of Appeals.

IT IS THEREFORE ORDERED that Respondent's Motion to Dismiss is GRANTED.  (*See* Docket Entry # 15.)  This case is CLOSED.

DATED this 17th day of March, 2016.

BY THE COURT:

_____
JUDGE DEE BENSON
United States District Court